IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIU WENFANG,

    Plaintiff,

v.

RUSSELL SYLVAN SOEHNER, II, *et al.*,

    Defendants.

OPINION and ORDER

Case No. 15-cv-385-wmc
15-cv-669-wmc

---

On July 8, 2015, this court dismissed plaintiff Liu WenFang's complaint in case no. 15-cv-385-wmc for lack of subject matter jurisdiction. (Dkt. #5). In that complaint, Liu alleged that Russell Sylvan Soehner II sexually assaulted her on September 8, 2014, and later sought an injunction against her based on false accusations. She also alleged that the local police failed to prosecute him. Because these claims do not implicate any federal or constitutional law, the court could not exercise jurisdiction based on a federal question under 28 U.S.C. § 1331. Additionally, because Liu had alleged that both she and Soehner live in Wisconsin, the court could not exercise jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Liu filed a notice of appeal of the court's dismissal to the Seventh Circuit, which was dismissed after she failed to pay the filing fee. (Dkt. #17). Liu has since purported to file several proposed amended complaints in case no. 15-cv-385-wmc, (Dkt. ##10, 11, 14, 19), as well as a new proposed lawsuit that was opened as case no. 15-cv-669-wmc. While the proposed amended complaints, as well as the complaint in 15-cv-669-wmc, contain the same general allegations regarding Soehner's alleged sexual assault of Liu, she does add additional

1

allegations that she may believe would allow this court to exercise subject matter jurisdiction over her claims.

*First*, Liu clarifies that she is not a citizen of Wisconsin, but rather a permanent resident of the United States who is living in Wisconsin. (Dkt. #19 at 1). Unfortunately for Liu, her permanent residency status is not enough to create diversity jurisdiction. Under § 1332, federal district courts "shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). In other words, because Liu is a permanent resident living in the same state as the defendants, this court does not have jurisdiction under the diversity of citizenship statute.

*Second*, Liu proposes to add a claim against Gary Scott, who is apparently a friend of Soehner's, based on allegations that he threatened her. Like her allegations against Soehner, however, the allegations against Scott do not present a question of federal law over which this court has subject matter jurisdiction.

*Finally*, Liu proposes to add claims against police officers involved in the investigation of her complaints against Soehner, as well as a state court judge who issued a temporary restraining order against her. Specifically, Liu alleges that (1) the police investigation contains false statements by Soehner and (2) the police and judge should have prosecuted Soenher for sexual assault, rather than issuing a restraining order against her. Although claims against government officials such as police officers can sometimes implicate a question of federal law over which this court would have jurisdiction, Liu's allegations are not sufficient to state any federal claim for relief against the police officers or judge.

In particular, Liu's allegations do not suggest that the police officers or judge violated her federal constitutional rights in any way. Rather, Liu seems to be asking this court to order the police to conduct a further investigation into Soehner and to prosecute him for sexual assault. However, this court already explained to Liu in the July 8, 2015, order that it does not have the authority to order investigation or prosecution of an individual. Such decisions are left up to the discretion of local law enforcement.

Liu's proposed claims against a state court judge fail for additional reasons. Under both federal and state law, judges are entitled to absolute judicial immunity when they are sued for decisions made in their official capacity. In other words, judges cannot be sued for acts taken in their capacity as judges, such as issuing a temporary restraining order. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Abdella v. Catlin*, 79 Wis. 2d 270, 279, 255 N.W.2d 516 (1977). Moreover, this court does not have authority to review the decision of a state court judge to issue a temporary restraining order against Liu. Under the *Rooker-Feldman* doctrine, a party "complaining of an injury caused by [a] state-court judgment" cannot seek redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Rather, litigants who feel that a state court proceeding has violated their rights must appeal that decision through the state court system and then, if appropriate, to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010). In short, if Liu wishes to challenge the restraining order, she must do so in state court.

Similarly, the state prosecutor is immune from Liu's claims based on his exercise of discretion as to what claims to pursue criminally. *See Thomas v. City of Peoria*, 580 F.3d 633,

3

638-39 (7th Cir. 2009). As for the police, they have no power to bring a prosecution and recording a false statement by another party is not enough by itself to state a claim, much less enough to convert Soehner's statements as a private citizen into state action. *See Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996) (police officers do not make decision whether to prosecute, prosecutors do).

The court has now explained to Liu on multiple occasions why it lacks subject matter jurisdiction over the claims she is attempting to raise in this case. Any further explanation is simply a waste of judicial resources. Accordingly, if Liu continues to file amended complaints containing the same claims that have already been dismissed in these lawsuits, the clerk of court may docket the proposed amended complaints in case no. 15-cv-669, but the court will take no further action with respect to those claims.

ORDER

IT IS ORDERED that plaintiff Liu WenFang's motions for leave to file amended complaints in case no. 15-cv-385-wmc, (Dkt. ##10, 11, 14, 15, 19), and motion for leave to proceed in case no. 15-cv-669-wmc are DENIED. The clerk of court is directed to close case no. 15-cv-669-wmc.

Entered this 2nd day of March, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge